# CONWAY & CONWAY
### ATTORNEYS AT LAW

1700 Broadway, 31st Floor
New York, New York 10019
Tel: (212) 938-1080
Fax: (212) 938-1207
www.conwaysecuritieslaw.com

Long Island Office:
179 Little East Neck Road
Babylon, New York 11704
Tel: (631) 669-0001
Fax: (631) 669-4011

Writer's Direct:

kpc@conway-conway.com

May 28, 2008

Via ECF
Honorable Joseph F. Bianco
United States District Judge
Eastern District of New York
100 Federal Plaza
Courtroom 920
Central Islip, New York  11722

    Re: <u>Thibodeau v. Pinnacle FX Investments, Razor FX, Inc., Dexter Bell,
    Roland Francis and Michael Richard Maccaull
    Case No. 08 CV 01662 (JFB)</u>

Dear Judge Bianco:

  This firm represents Plaintiff Shawnna Thibodeau ("Plaintiff" or "Ms. Thibodeau") in the above-referenced matter. This letter is respectfully submitted in opposition to Defendants Pinnacle FX Investments ("Pinnacle"), Dexter Bell ("Mr. Bell") and Roland Francis's ("Mr. Francis) (Pinnacle, Mr. Bell and Mr. Francis are collectively referred to as "Defendants") letter to the Court regarding their request to file a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(2)-(5).[1]

  Defendants' potential motion to dismiss is likely to be unsuccessful for a number of reasons. First, the jurisdictional provision that Defendants rely upon is invalid as the contract between Plaintiff and Defendants is invalid. Second, Defendants have a presence in New York. Razor FX ("Razor") was the agent of Defendants and the majority of the fraudulent activity occurred in New York. Set forth below is a brief outline of each point.

  Defendants' reliance on the jurisdictional provision of the customer agreement fails because the contract between Plaintiff and Defendants is not valid. Ms. Thibodeau entered into a contract with Pinnacle wherein Pinnacle was to give her money to a foreign exchange management company to invest. Mr. Bell, a principal of Pinnacle, indicated that he had a "good friend" at one of these foreign exchange management companies that he knew for "years" and completely trusted. Relying on these assurances of Mr. Bell's familiarity with and trust of the entity to which he would be entrusting her money, Ms. Thibodeau decided to invest her money

---

[1] Plaintiff affirms that this response is late pursuant to Rule III(A) of your Individual Motion and Practice Rules. As the undersigned was out of the office at trial in Florida the entire week of May 19, 2008 and did not have access to office email, Defendants' letter was not received by this office until May 27, 2008. We have endeavored to serve a response as quickly as possible, and respectfully request that this opposition letter be accepted by the Court.

with Defendants. However, it was later revealed that Pinnacle invested her money through Razor and not through Mr. Bell's good, trusted friend, as he represented to her and as he represented on Pinnacle's website. Mr. Bell indicated that he gave his investors' money to Razor, even though he was completely unfamiliar with Razor. Pinnacle's transfer of Ms. Thibodeau's money to the unknown entity Razor was a violation of her contract with Pinnacle. As a result of the invalid contract, the "Jurisdiction and Service of Process" provision quoted by Defendants is equally invalid. As such, Defendants' jurisdictional clause does not insulate them from the jurisdiction of this Court.

Additionally, Defendants' presence in New York grants this Court jurisdiction over them. Pinnacle raised money from investors and then transferred the money from its clients to Razor to "invest" in the foreign exchange market. Rather than investing Ms. Thibodeau's money in the spot foreign exchange market, Razor, based in New York, deposited the money into the individual bank accounts of its principals. The principal fraud occurred in New York in that the money was not invested in the foreign exchange market. Pinnacle was instrumental in effectuating that fraud by transferring money to an entity about which it knew nothing and lying to Plaintiff about the entity to which it was entrusting her money. As Razor was an agent of Pinnacle, Pinnacle had a presence in New York and actively participated in the fraud that occurred in New York.

As outlined above, Defendants' arguments that this Court does not have jurisdiction over Defendants is likely to fail. Defendants' misconduct was committed in New York through Razor. Furthermore, Defendants violated their contract with Ms. Thibodeau and therefore the jurisdictional provision is invalid. Defendants cannot, and should not, be allowed to drag Ms. Thibodeau across the country, under an invalid contract, to prosecute her claim based on their own misconduct.

I thank you for your attention to this matter.

Very truly yours,

Kevin P. Conway

cc:  Solomon Rubin, Esq.
Law Offices of Jan Meyer & Associates, P.C.
1029 Teaneck Road, Second Floor
Teaneck, New Jersey 07666
*(Via Facsimile)*