UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------x
:
SHAWNNA THIBODEAU　　　　　　　　:　　　Civil Action No. 08 CV 01662(JFB)
　　　　　　　　　　　　　　　　　　　　　:
　　　　　Plaintiff　　　　　　　　　　　:
　　vs.　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
PINNACLE FX INVESTMENTS,　　　　　:
RAZOR FX, INC., DEXTER　　　　　　　:
BELL, ROLAND FRANCIS and　　　　　:
MICHAEL RICHARD McCAULL　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　　Defendants.　　　　　　　　　:
---------------------------------------------------------x

_____

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS DEFENDANTS,
PINNACLE FX INVESTMENTS, DEXTER BELL AND ROLAND FRANCIS

_____

Jan Meyer (JM3063)
LAW OFFICES OF JAN MEYER & ASSOCIATES, P.C.
1029 Teaneck Rd., 2nd Floor
Teaneck, NJ 07666
(201)862-9500
Maintains a New York Office at:
50 East 42nd Street, Suite 1809
New York, NY 10017

PRELIMINARY STATEMENT

This Memorandum of Law is respectfully submitted on behalf of the Defendants, Pinnacle FX Investments, Dexter Bell and Roland Francis, (hereinafter referred to collectively as "Defendants") in support of their Motion to Dismiss Plaintiff's Complaint on the grounds that this Court lacks jurisdiction over the Defendants and the subject matter of the Pinnacle FX Investments, L.P. Partnership Agreement and Subscription Agreement (hereinafter collectively referred to as the "Contract") with Plaintiff, Shawnna Thibodeau, which was negotiated in the State of California and accepted in the State of Washington, and upon the further ground that said Contract contains a valid forum selection clause.

STATEMENT OF FACTS

This lawsuit arises out of an investment, whereby the Plaintiff, became a member of Pinnacle FX Investments, LP (hereinafter "Pinnacle"), an investment partnership. Affidavit of Dexter Bell, dated June 23, 2008, (hereinafter "Defendants' Affidavit"), ¶2. On August 6, 2007, the Plaintiff signed a Partnership Agreement and Subscription Agreement (hereinafter collectively referred to as the "Contract") in the State of California, and the agreement was accepted by Pinnacle in the State of Washington. Defendants' Affidavit, ¶5.

The Contract between the parties contains a valid forum selection clause, whereby Plaintiff agreed to litigate any and all disputes between themselves, on the one hand, and Pinnacle, on the other, in the State of Washington. Id at ¶6.

The Contract contains the following specific provision:

> 13. Jurisdiction and Service of Process. The parties irrevocably consent to the jurisdiction of the courts of the state in which the Partnership maintains its principal office from time to time and of any Federal court located in such state in connection with any action or proceeding arising out of or relating to this Subscription Agreement and/or the Agreement. Each party waives personal

> service of any summons, complaint or other process and agrees that service thereof may be made in accordance with the provisions of the Agreement. See Defendants' Affidavit, Exhibit "A", ¶ 13.

Pinnacle FX Investments, does not transact business in the State of New York, nor does it nor does it maintain any offices in the State of New York. Id at ¶7. Its only office is in the State of Washington. Id. Neither of the individual moving Defendants, Dexter Bell and Roland Francis are residents of New York. Id at ¶8-9.

## LEGAL ARGUMENT

### POINT I
### THE CONTRACT CONTAINS A VALID FORUM SELECTION CLAUSE WHEREBY PLAINTIFF AGREED TO LITIGATE ANY AND ALL DISPUTES IN THE STATE OF WASHINGTON

The Contract between the parties contains a valid forum selection clause, whereby Plaintiff and Pinnacle agreed to litigate any and all disputes between them in the State of Washington. The Contract contains the following specific provision:

> 13. **Jurisdiction and Service of Process**. The parties irrevocably consent to the jurisdiction of the courts of the state in which the Partnership maintains its principal office from time to time and of any Federal court located in such state in connection with any action or proceeding arising out of or relating to this Subscription Agreement and/or the Agreement. Each party waives personal service of any summons, complaint or other process and agrees that service thereof may be made in accordance with the provisions of the Agreement. See Defendants' Affidavit, Exhibit "A", ¶ 13.

It is well-established that forum selection clauses are *prima facie* valid and are not to be set aside except in instances of fraud, overreaching, or where enforcement of the clause would be so unreasonable and unjust as to make trial in the selected forum so gravely difficult and inconvenient that the Plaintiff, for all practical purposes, would be deprived of his or her day in Court. *M/S Bremen* v. *Zapata Off-Shore Company,* 407 U.S. 1 (1972), See also *Roby v.*

*Corporation of Lloyd's*, 996 F.2d 1353, 1362-63 (2d Cir.1993).

Plaintiff does not allege that there was fraud with regard to the forum selection clause. Under Bremen's fraud exception to enforcement, the inclusion of the clause itself must be the product of fraud or coercion. *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n. 14, 94 S.Ct. 2449, 2457 n. 14, 41 L.Ed.2d 270 (1974). Thus, the Plaintiff's allegations that the Defendants misrepresented the manner in which the money she provided would be invested would not invalidate the forum selection clause.

Further, forum selection clauses apply to non-parties that are affiliated with the parties to the contract. *Direct Mail Prod. Servs. Ltd. v. MBNA Corp.*, 2000 WL 1277597, 2000 U.S. Dist. LEXIS 12945 (S.D.N.Y.2000). Thus, the forum selection clause applies to Dexter Bell and Roland Francis, who are only being sued as a result of their relationship to Pinnacle FX Investments.

In the event that Plaintiff claims she was unaware of the forum selection clause, this would not invalidate said clause. Plaintiff entered into a Contract with the Defendant, Pinnacle that includes a mandatory forum selection clause in plain language. Plaintiff's suit demonstrates a failure to read the Contract. However, Defendant should not be penalized for this failure:

> It falls stale upon the ear to be told that a formal contract was not read. . . such things are no ground for reforming or invalidating a contract . . . *Central Contracting Co. v. Maryland Casualty Co., 367* F.2d 341,346 (3rd Cir. 1966), citing *Thrasher v. Rothrock,* 105 A.2d 600 (1954).

As stated by Justice Cordozo in *Murray v. Cunard S.S. Tow, Ltd.,* 139 *N.E.* 226,228 (1923):

> "[He] who omits to read takes the risk of the omission." *Central Contracting Co., supra, 367* F.2d at 346.

The Plaintiff now seeks to have this Court disregard the forum selection clause. There has been no demonstration of fraud or overreaching with regard to the forum selection clause, or

that enforcement of the clause would deprive the Plaintiff of her day in Court. If the Plaintiff did not wish to litigate disputes with the Defendant in Washington, she should have refused to sign the Contract, as drafted, and presented additional or alternate terms. As she did not do so, she should not now be permitted to pursue her causes of action in the State of New York. Had the Plaintiff raised issues with respect to the forum selection clause, Pinnacle would then have been in a position to decide whether or not to enter into the contract with the Plaintiff.

Accordingly, there is no basis in law or in fact to disregard the forum selection clause of the subject Contract, and Plaintiff's Complaint should therefore be dismissed on this basis.

POINT II
PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED ON THE GROUNDS THAT THIS COURT LACKS JURISDICTION OVER THE DEFENDANT PINNACLE

Rule 4 of the Federal Rules of Civil Procedure provides for service in accord with New York law. In the State of New York, there are two (2) bases for asserting personal jurisdiction over foreign corporations. See N.Y. C.P.L.R. 301 and 302(a). Under Section 301, a corporation may be subject to general jurisdiction when it is "engaged in business in New York on a continuous and systematic basis." The Plaintiff must show that the Defendant does business in New York to establish jurisdiction pursuant to N.Y. C.P.L.R. 301. *Eltinglon v. Biltmore Hotel,* 284 A.D.2d 120 (1st. Dept. 2001). Pinnacle is located in Washington State and has never conducted any regular business in the State of New York. Plaintiff does not allege that any business was conducted in the State of New York with regard to the Contract at issue. Accordingly, there is no basis for long-arm jurisdiction over Pinnacle with regard to the dispute between the Plaintiff and Pinnacle in connection with the Contract.

Under Section 302(a), jurisdiction may be exercised over a foreign Defendant that,

personally, or through an agent, "transacts ... business within the state." N.Y. C.P.L.R. 302(a)(l). The requirements of Section 302 are satisfied if there exists a substantial nexus between the business transacted and the cause of action sued upon. *Armouth Intemarional, lnc. v Haband Company, Inc.,* 277 A.D,2d 189, 190 (2nd Dept. 2000) (internet web site insufficient to confer personal jurisdiction over foreign retailer). *See also, Snyder v Maderu Broadcasting, Inc* , 872 F.Supp. 1191,1194 (E.D.N.Y. 1995).

The Defendant in this action is a Delaware corporation, and its place of business is located in the State of Washington. The Defendant has had no contact with the State of New York, with respect to the transaction at issue. Pinnacle has established that the Contract at issue was negotiated and executed in the States of California and Washington with its submission of Defendant's Affidavit and Contract attached as Exhibit "A" thereto. See Defendant's Affidavit at ¶7.

Simply stated, the evidence before the Court firmly establishes that neither the Defendant, Pinnacle, nor any agent or employee acting on its behalf, transacted business in the State of New York so as to support the exercise of personal jurisdiction over it with regard to the Contract between the Plaintiff and Defendant.

The Defendant, Razor FX, was not an agent of Pinnacle, for the purposes of establishing jurisdiction. Razor FX was not under the control of Pinnacle, and it purported to provide investment services to many clients. See Defendant's Affidavit at ¶10. To obtain jurisdiction because of the acts of an agent, the agent must be primarily employed by the principal and not engaged in similar services for other clients. *Miller v. Surf Properties, Inc.*, 4 N.Y.2d 475, 481, 176 N.Y.S.2d 318, 151 N.E.2d 874 (1958). Independent contractors with many clients are not considered agents of their individual clients for jurisdictional purposes. *Id*. Further, "before an

agency relationship will be held to exist under section 302(a)(2), a showing must be made that the alleged agent acted in New York for the benefit of, with the knowledge and consent of, and under some control by, the nonresident principal." *Grove Press, Inc. v. Angleton*, 649 F.2d 121 (2nd Cir.(N.Y.) May 12, 1981). Because Razor FX was not under the control of the Defendant, Pinnacle, and served many clients, it is not an agent of Pinnacle.

Accordingly, there is no basis in law or in fact for subjecting Pinnacle to the jurisdiction of this Court with regard to the Contract, and Plaintiff's Complaint should therefore be dismissed on this basis.

POINT III
IN THE ALTERNATIVE, THE ACTION SHOULD BE TRANSFERRED TO THE FEDERAL WESTERN DISTRICT OF WASHINGTON ON THE GROUNDS OF *FORUM NON CONVENIENS*

In determining whether transfer is warranted "for the convenience of the parties and witnesses [and] in the interest of justice" under § 1404(a), courts generally consider several factors. The factors to be considered in the instant case include (1) the convenience of witnesses, (2) the convenience of the parties, (3) the location of relevant documents and the relative ease of access to sources of proof, (4) the locus of operative facts, (5) the availability of process to compel the attendance of unwilling witnesses, (6) the relative means of the parties, (7) the forum's familiarity with the governing law, (8) the weight accorded the plaintiff's choice of forum, and (9) trial efficiency and the interest of justice, based on the totality of the circumstances. *Orb Factory, Ltd. v. Design Science Toys, Ltd.*, 6 F.Supp.2d 203 (S.D.N.Y.1998). These factors weigh heavily in favor of transfer to the State of Washington.

The Defendant, Pinnacle, is located in Washington. Defendants' Affidavit at ¶7. The

events and circumstances surrounding the negotiation of the Contract that is the subject of this litigation occurred in the State of California and Washington. Id at ¶5. The Contract contains a valid forum selection clause whereby Plaintiff agreed to litigate any and all disputes in the State of Washington. Material witnesses reside in or right near the Washington State boarder. Id at ¶8-9.

The only events that happened in New York are the alleged fraud of the Defendant, Michael MacCaull. But said facts will not be litigated in this action. This is because there is a criminal case, USA v. MacCaull 1:08-mj-00034-RER, against the Defendant, Michael MacCaull. As such, he cannot be forced to testify in this case, because of the right against self incrimination. However, in the event he is found guilty, collateral estoppel may preclude this court from relitigating that matter. As such, the main issue at stake in this civil action is not whether the Defendant, Michael MacCaull, performed the acts which it is alleged that he performed, but rather whether the moving Defendants are responsible for his acts.

Requiring the Defendant to defend an action in the State of New York would be an extreme hardship. The Defendant does not have a nexus with the State of New York such that maintenance of this suit in New York is reasonable under the circumstances. There are no witnesses or documents relevant to the Plaintiff's causes of action against the Defendant, located in the State of New York. Accordingly, the State of Washington is the appropriate forum for litigation surrounding the negotiation and acceptance of the Contract which contains a valid forum selection clause.

Thus, it is respectfully submitted that, in the alternative, this case should be transferred to the Western District of Washington State.

CONCLUSION

WHEREFORE, it is respectfully submitted that Defendants' Motion to Dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(2)-(5), and 28 U.S.C. § 1406(a), or in the alternative, transferring venue pursuant to 28 U.S.C. § 1404(a) to the Western District of Washington State, be granted in its entirety, together with such other and further relief as the Court may seem just and proper.

Dated: New York, New York
       June 26, 2008

                                        /s/ Jan Meyer
                                        Jan Meyer (JM3063)
                                        Law Offices of Jan Meyer and Associates, P.C.
                                        1029 Teaneck Road, 2nd Floor
                                        Teaneck, New Jersey 07666
                                        - and -
                                        50 East 42nd Street, Suite 1809
                                        New York, NY 10017
                                        (201) 862-9500
                                        (201) 862-9400 (fax)