UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SHAWNNA THIBODEAU,

                            Plaintiff,                    **REPORT AND**
                                                                       **RECOMMENDATION**
                -against-                            CV 08-1662 (JFB)(ARL)

PINNACLE FX INVESTMENTS, RAZOR FX,
INC., DEXTER BELL, ROLAND FRANCIS
and MICHAEL RICHARD MCCAUL,

                            Defendants.
-------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      This matter was referred to the undersigned for a determination of the damages to be awarded to the plaintiff upon the entry of a default judgment against the defendant Razor FX, Inc. By order dated June 24, 2009, the undersigned directed the plaintiff to submit papers in support of her damages claim by July 31, 2009. The plaintiff's time to file papers in support of her damages claim was then extended to August 14, 2009. In response, the plaintiff submitted an affidavit and a memorandum of law. For the reasons set forth below, the undersigned recommends that the plaintiff be awarded $ 70,000 in damages.

DISCUSSION

**A. The Defendant's Default**

      On April 22, 2009, the plaintiff, Shawnna Thibodeau ("Thibodeau") commenced this action by serving a copy of the summons and complaint on the defendants, Pinnacle FX Investments, Razor FX, Inc., Dexter Bell, Roland Francis and Michael Richard MacCaul. On June 26, 2008, the defendants Pinnacle FX Investments, Dexter Bell, and Roland Francis moved to dismiss the complaint arguing lack of personal jurisdiction, and that motion was granted on November 6, 2009. The defendant Razor FX, Inc. ("Razor'), who had been served with the

complaint on April 24, 2008, failed to answer, appear, or otherwise move and, on November 13, 2008, the plaintiff moved for a default judgment.[1] On March 18, 2009, the Clerk of the Court certified that the defendant Razor had not answered or moved with respect to the plaintiff's complaint. Accordingly, Judge Bianco granted the motion for a default judgment by order dated June 19, 2009. Thibodeau now seeks an award of damages in the amount of $70,000, plus interest, costs, attorneys' fees and punitive damages.

## B. Damages

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir.), *cert. denied,* 506 U.S. 1080 (1993). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Abramov,* 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound,* 973 F.2d at 159.

Because the principle amount sought by the plaintiff is a sum certain, a detailed analysis of damages is unnecessary. The plaintiff contends in the complaint that she invested $70,000 with the defendant Pinnacle believing that the money would be invested in FOREX. *See* Complaint at ¶¶ 26-30. In November 2007, and again in January 2008, the plaintiff received account statements reflecting that her money had grown. *See id.* at ¶ 32. In January 2008, the plaintiff was informed by the defendant Dexter Bell that he had given the money to Razor, who

---

[1] The status of the remaining defendant Michael Richard MacCaul ("MacCaul") is not clear from the docket sheet, but the court notes that there is nothing on the docket sheet that indicates that MacCaul was ever served with a copy of the complaint.

held itself out to be a financial services firm in the business of trading in the spot foreign exchange. *See id.* at ¶¶ 33-35. Bell further advised the plaintiff that the principle of Razor had been arrested and that Razor had sent out false account statements to investors reporting non-existent trades. *See id.* at ¶ 35. The plaintiff finally contends that Pinnacle and its principals either conspired with Razor or were grossly negligent causing her to lose the entire amount she had invested. *See id.* at ¶¶ 36-37.

The plaintiff has supported her request for damages with copy of the canceled check in the amount of $70,000. *See* Thibodeau Aff., Ex. A. However, the plaintiff has provided no support of legal argument for her request for interest, costs, attorneys' fees or punitive damages. Accordingly, the undersigned recommends that the plaintiff be awarded the sum of $70,000.

## OBJECTIONS

The plaintiff is directed to serve a copy of this Report and Recommendation on the defendant by certified mail, return receipt requested. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 10 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. See 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
      September 14, 2009

                                                                           /s/
                                        ARLENE R. LINDSAY
                                        United States Magistrate Judge