UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

SHAWNNA THIBODEAU,

    Plaintiffs,

– against –

PINNACLE FX INVESTMENTS, RAZOR
FX, INC., DEXTER BELL, ROLAND
FRANCIS and MICHAEL RICHARD MCCAUL,

    Defendants.

----------------------------------X

ORDER ADOPTING REPORT
AND RECOMMENDATION
08-CV-1662 (JFB) (ARL)

JOSEPH F. BIANCO, District Judge:

    On April 24, 2008, plaintiff filed the complaint in this action against defendants Pinncale FX Investments, Razor FX, Inc., Dexter Bell, Roland Francis, and Michael Richard McCaul. On June 26, 2008, defendants Pinncale FX Investments, Dexter Bell, and Roland Francis moved to dismiss the complaint. By Memorandum and Order dated November 6, 2008, the Court granted defendants' motion to dismiss. On November 13, 2008, plaintiff moved for default judgment against defendant Razor FX, Inc (hereinafter, "defendant"). On March 18, 2009, the Clerk of the Court noted defendant's default. On March 18, 2009, the Court ordered defendant to respond within ten days as to why a default judgment should not be entered. Defendant did not respond. On June 19, 2009, the Court granted plaintiff's motion for default judgment and referred the matter to Magistrate Judge Lindsay for a Recommendation and Report to address the issue of damages and other relief sought by plaintiff.

    On September 14, 2009, Magistrate Judge Lindsay issued a Report and Recommendation (the

1

"R&R"), based on the evidentiary submissions made by plaintiff, recommending that the Court award plaintiff the total amount of $70,000. (*See* R&R, at 3.) The R&R further instructed that any objections to the R&R be submitted within ten (10) days. (*See id.*) No objections have been filed to date, although the date for filing such objections has expired.

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997).

To obtain damages related to a default judgment, "a plaintiff must present admissible evidentiary proof of his alleged damages, unless the claimed amount is liquidated or susceptible to mathematical calculation." *In re Suprema Specialties, Inc.*, 330 B.R. 40, 54-55 (S.D.N.Y. 2005) (citing *SEC v. Mgmt. Dynamics*, 515 F.2d 801, 814 (2d Cir.1975)) ("[U]nless the amount of damages are absolutely certain, the court is required to make an independent determination of the sum to be awarded."). Rule 55(b)(2) permits a court to conduct a hearing "as it deems necessary and proper" to calculate damages, "vesting considerable discretion in the court to establish the procedures appropriate to the particular case." *Id.* at 55. However, a hearing is not necessary "as long as [the court] ensure[s] that there [is] a basis for the damages specified in a default judgment." *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir.1989).

Having conducted a review of the full record and the applicable law, and having reviewed

the R&R for clear error, the Court adopts the findings and recommendations contained in the R&R in their entirety.[1] The Court will issue a judgment accordingly.

IT IS FURTHER ORDERED that plaintiff serve a copy of this Order on defendants.

IT IS FURTHER ORDERED that plaintiff advise the Court by December 13, 2009 whether she wishes to proceed against defendant Michael Richard MacCaul.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: December 3, 2009
Central Islip, NY

---

[1] Even under a de novo standard of review, the Court would adopt the R&R in its entirety for the same reasons contained in the R&R.